**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GERARD WIERZBICKI,**

|  |  |
|---|---|
| **Plaintiff,** | **1:14-cv-950** |
|  | **(GLS/RFT)** |

        **v.**

**THE COUNTY OF RENSSELAER,**
**NEW YORK et al.,**

        **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Bosman Law Office | AJ BOSMAN, ESQ. |
| 6599 Martin Street | |
| Rome, NY 13440 | |
| | |
| **FOR THE DEFENDANTS:** | |
| Napierski, Vandenburgh Law Firm | SHAWN F. BROUSSEAU, ESQ. |
| 296 Washington Avenue Extension | |
| Albany, NY 12203 | |

**Gary L. Sharpe**
**Chief Judge**

## <u>MEMORANDUM-DECISION AND ORDER</u>

### I. <u>Introduction</u>

Plaintiff Gerard Wierzbicki commenced this action against

defendants the County of Rensselaer, New York, Laura Bauer, director of

probation of Rensselaer County, and John and Jane Doe(s), alleging

employment discrimination on the basis of sex under Title VII of the Civil Rights Act[1] and the New York State Human Rights Law (NYSHRL),[2] age discrimination under the Age Discrimination in Employment Act (ADEA)[3] and NYSHRL, violations of his Fourteenth Amendment right to equal protection—a claim brought pursuant to 42 U.S.C. § 1983—and a violation of the Equal Protection Clause of the New York State Constitution.[4]  (*See generally* Compl., Dkt. No. 1.)  Pending is defendants' motion to dismiss, for summary judgment, and for disqualification of counsel.  (Dkt. No. 6.)  For the reasons that follow, the motion is granted in part and denied in part.

## II.  **Background**[5]

In November 1997, Wierzbicki, a male over the age of fifty, was hired by the County as a probation officer.  (Compl. ¶¶ 15, 19.)  Since then, he

---

[1] *See* 42 U.S.C. §§ 2000e-2000e-17.

[2] *See* N.Y. Exec. Law §§ 290-301.

[3] *See* 29 U.S.C. §§ 621-634.

[4] *See* N.Y. Const. Art. I, § 11.

[5]  Although Wierzbicki's motion is one for both summary judgment and to dismiss, (Dkt. No. 6), as more fully explained below, his motion for summary judgment is denied as premature.  Thus, the facts are drawn from Wierzbicki's complaint and presented in the light most favorable to him.

has "consistently performed his job duties in a satisfactory manner," and, aside from one incident, never violated work rules. (*Id.* ¶ 16.) In or around 2009, Wierzbicki sought to become a senior probation officer. (*Id.* ¶ 17.) To that end, he took the Civil Service examination, and received the highest score, which placed him first on the Civil Service list. (*Id.* ¶¶ 17-18.)

Despite his success on the Civil Service examination, Wierzbicki claims that Bauer consistently passed him over for promotions, beginning in or about August 2009 and continuing through August 2013. (*Id.* ¶ 20.) He further claims that Bauer opted instead to offer the promotions to employees who were female and younger, all of whom "have less seniority, experience and lower Civil Service test scores than" he does. (*Id.*) Specifically, with the exception of one male employee who is in his thirties, all of the approximately six individuals who Bauer promoted are female. (*Id.* ¶ 21.) In addition to her promotion decisions, Wierzbicki alleges that this preferential treatment toward women has similarly been displayed in Bauer's hiring decisions. (*Id.* ¶¶ 21, 23.)

Wierzbicki claims that the promotion decisions were based, at least in part, on the "gender and/or age of the employee[s]," such that Wierzbicki

has been discriminated against based on his gender and age. (*Id.* ¶ 22.)

He further alleges that this preference for women is systemic within the

County and "is part of a custom, policy, and/or practice of discrimination."

(*Id.* ¶ 23.) Thus, on or about November 22, 2013, Wierzbicki filed a

complaint of discrimination/retaliation with the United States Equal

Employment Opportunity Commission (EEOC). (*Id.* ¶ 12.) He was issued

a right to sue letter on or about April 29, 2014, (*id.* ¶ 13), and, on July 29,

2014, he commenced this action. Shortly after this action was filed,

defendants filed the pending pre-answer motion to dismiss, (Dkt. No. 6),

which the court now considers.

## III. <u>Standard of Review</u>

The standard of review applicable to Fed. R. Civ. P. 12(b)(6) motions

is well settled and will not be repeated here. For a full discussion of the

standard, the court refers the parties to its decision in *Ellis v. Cohen &*

*Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on*

*other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191

(2d Cir. 2015).

## IV. <u>Discussion</u>

In their motion, defendants seek dismissal of most of Wierzbicki's

claims against the County and Bauer, on both substantive and procedural grounds. (Dkt. No. 6, Attach. 10 at 6-18.) Alternatively, defendants seek entry of summary judgment on Wierzbicki's first, second, fifth, and sixth causes of action. (*Id.* at 20-24.) Finally, defendants contend that, if the case is not dismissed, Wierzbicki's counsel should be disqualified due to a conflict of interest. (*Id.* at 18-20.) Wierzbicki opposes defendants' motion. (Dkt. No. 11.) Each of defendants' arguments, and Wierzbicki's responses, are addressed below.

## A.    Motion for Summary Judgment

The court first addresses defendants' arguments in support of the entry of summary judgment on Wierzbicki's first, second, fifth, and sixth causes of action. (Dkt. No. 6, Attach. 10 at 20-24.) Wierzbicki contends, and the court agrees, that any motion for summary judgment is premature and must be denied. (Dkt. No. 11 at 14-17.)

"[S]ummary judgment should only be granted [i]f *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (internal quotation marks and citation omitted); *see Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986)).  Prior to responding to a motion for summary judgment, "[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition," *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (internal quotation marks and citation omitted), and "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery," *Hellstrom*, 201 F.3d at 97 (citations omitted).

Here, as of the date Wierzbicki filed his opposition to defendants' motion, no discovery had been conducted.  (Dkt. No. 11, Attach. 3 ¶ 3.)  In fact, after defendants filed their motion, the Rule 16 conference was adjourned without a date, which means that even the mandatory disclosures have not been exchanged.  Without the benefit of even the most basic discovery, Wierzbicki is at a great disadvantage in his ability to properly respond to a motion for summary judgment.  Moreover, defendants have not even attempted to explain to this court why this case is one of the "rarest of cases" in which a summary judgment motion should be granted against a plaintiff who has not yet had the opportunity to conduct discovery.  *Hellstrom*, 201 F.3d at 97 (citations omitted).

Accordingly, defendants' motion for summary judgment is denied as premature.

**B.    Pre-2013 Title VII and ADEA Claims**

Defendants next contend that, under the 300-day EEOC statute of limitations, all claims asserted by Wierzbicki which arose prior to 2013 are barred as untimely.  (Dkt. No. 6, Attach. 10 at 6-8.)  In response, Wierzbicki does not actually dispute that any pre-2013 claims are time-barred, but instead argues that any promotions that he was denied prior to 2013 may be introduced as background evidence.  (Dkt. No. 11 at 2-3.) The court agrees with both parties.

As a prerequisite to commencing a discrimination claim under Title VII or the ADEA, a claimant must file a charge with the EEOC within 300 days of the allegedly unlawful employment action.  *See Valtchev v. City of N.Y.*, 400 F. App'x 586, 588 (2d Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)).  Where the act in question is discrete, or easy to identify—such as "failure to promote, denial of transfer, or refusal to hire," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)—neglecting to file a timely EEOC charge is fatal.  *See Valtchev*, 400 F. App'x at 588.  Absent some exception, "only events that occurred

7

during the 300-day period prior to filing . . . are actionable." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996).

Here, Wierzbicki's EEOC charge was filed on or about November 22, 2013, (Compl. ¶ 12), extending the reach of the 300-day statute of limitations to January 26, 2013.  Within that period, Wierzbicki claims that he was passed over for at least one promotion in August 2013.  (*Id.* ¶ 20.) That claim is timely.  However, Wierzbicki also alleges that he was denied promotions prior to January 26, 2013, beginning as early as August 2009. (*Id.*)  Those claims are untimely, and must be dismissed.  Nevertheless, the court agrees with Wierzbicki, (Dkt. No. 11 at 2-3), that any time-barred acts alleged in the complaint "'may constitute relevant background evidence'" in future proceedings involving the remaining claim.  *Morgan*, 536 U.S. at 112 (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)).

## C.     NYSHRL Claims

Next, defendants contend that the NYSHRL claims asserted against the County and Bauer—Wierzbicki's fifth and sixth causes of action, (Compl. ¶¶ 39-45)—must be dismissed because Wierzbicki failed to file a timely notice of claim.  (Dkt. No. 6, Attach. 10 at 15-16.)  Wierzbicki

8

seemingly concedes that the NYSHRL claims asserted against the County must be dismissed, but argues that his claims against Bauer survive. (Dkt. No. 11 at 11-12.)  The court agrees that the claims against the County and against Bauer in her official capacity must be dismissed, but the claims against Bauer in her individual capacity survive.

Under New York law, the service of a notice of claim is a condition precedent to the commencement of a tort action against a county or its agents, officers, or employees, and must be filed within ninety days of the incident giving rise to the claim. *See* N.Y. County Law § 52; N.Y. Gen. Mun. Law §§ 50-e, 50-i.  Moreover, pursuant to Section 50-i, a plaintiff must plead in the complaint that: (1) the notice of claim was served; (2) at least thirty days have elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time the defendant has neglected or refused to adjust or satisfy the claim. *See Horvath v. Daniel*, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006).  "Notice of claim requirements are construed strictly by New York state courts.  Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999) (internal quotation marks and citations omitted).  The

notice requirements apply even to employment discrimination claims brought against a county pursuant to the NYSHRL. *See Johnson v. Cnty. of Nassau*, No. 10-CV-06061, 2014 WL 4700025, at *23 (E.D.N.Y. Sept. 22, 2014) (citing cases). Finally, the notice of claim requirements apply to claims asserted against individuals sued in their official capacities, but do not apply to claims asserted against individuals sued in their individual capacities. *See id.* at *24.

Here, Wierzbicki's complaint is devoid of the requisite notice of claim allegations. (*See generally* Compl.) Even in his response to defendants' motion, he seemingly concedes that a notice of claim was never filed. (Dkt. No. 11 at 11-12.) By failing to comply with this condition precedent, Wierzbicki's NYSHRL claims against the County and Bauer in her official capacity must be dismissed.

Wierzbicki correctly contends, however, that his claims against Bauer in her individual capacity, at least at this juncture, should survive. (*Id.*) With respect to county employees sued in their individual capacities, "the requirements of Sections 50-e and 50-i are not conditions precedent . . . unless the county is required to indemnify such person," and "[t]he County's duty to indemnify these employees turns on whether they were

acting within the scope of their employment."  *Wharton v. Cnty. of Nassau*,

No. 10-CV-0265, 2013 WL 4851713, at *15 (E.D.N.Y. Sept. 10, 2013)

(internal quotation marks and citations omitted); *see Bielski v. Green*, 674

F. Supp. 2d 414, 428 (W.D.N.Y. 2009).  Given that defendants have not

addressed this point in their motion, and there has not yet been any

briefing or evidence submitted as to whether Bauer was acting within the

scope of her employment, it would be premature to dismiss the NYSHRL

claims against Bauer in her individual capacity at this juncture.[6]

## D.  Sex and Age Discrimination Claims

Defendants next contend that Wierzbicki's allegations fail to state

valid claims of sex and age discrimination.  (Dkt. No. 6, Attach. 10 at 8-13.)

Wierzbicki counters, and the court agrees, that he has met his pleading

burden.  (Dkt. No. 11 at 3-9.)

---

[6] The court notes that Wierzbicki's NYSHRL claims asserted against Bauer and the Doe defendants—his sixth cause of action, (Compl. ¶¶ 42-45)—also encompasses an aiding and abetting theory, (*id.* ¶ 44).  Again, the court, at this juncture, declines to dismiss this allegation.  Although defendants argue that this claim must fail because Bauer could not have aided or abetted her own alleged conduct, (Dkt. No. 6, Attach. 10 at 16), in stating this proposition, defendants fail to acknowledge that a disagreement exists between the district courts of this Circuit on the question of whether "an individual can be held liable as an aider and abettor even though it was primarily her actions that make the employer liable."  *MacBain v. Smiley Bros. Inc.*, No. 1:10-CV-1561, 2013 WL 621932, at *13-14 (N.D.N.Y. Feb. 19, 2013) (collecting cases).  In light of this split, and defendants' cursory treatment of this issue, their motion on this point, though it may be renewed at a later date with adequate legal argument, is denied.

To state a claim of sex and age discrimination under Title VII, the ADEA, the NYSHRL,[7] and § 1983, "a complaint need not establish a prima facie case of employment discrimination[;] however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (internal quotation marks and citation omitted) (reconciling *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). Claims of employment discrimination brought under Title VII, § 1983, the NYSHRL, and the ADEA are subject to a largely identical analytical framework. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010); *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 & n.1 (2d Cir. 2009) (describing the framework for age discrimination claims under Title VII, the ADEA, and the NYSHRL), *superseded by statute on other grounds*, Local Civil Rights Restoration Act of 2005, N.Y.C. Local L. No. 85, *as recognized in Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d

---

[7] Discussion of the NYSHRL is relevant only as applied to those claims asserted against Bauer in her individual capacity, as the NYSHRL claims asserted against the County and Bauer in her official capacity have been dismissed. *See supra* Part IV.C.

Cir. 2013); *see also Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 224-27 (2d Cir. 2004) (articulating differences between Title VII and sections 1981 and 1983).

To establish a prima facie case of discriminatory failure to promote, a plaintiff must demonstrate that: "(1) [he] is a member of a protected class; (2) [he] applied and was qualified for a job for which the employer was seeking applicants; (3) [he] was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Estate of Hamilton v. City of N.Y.*, 627 F.3d 50, 55 (2d Cir. 2010) (internal quotation marks and citations omitted), *abrogated on other grounds by Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013). "[I]n establishing a prima facie case the plaintiff must show that '[he] . . . was rejected [for the promotion] under circumstances which give rise to an inference of unlawful discrimination.'" *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

1.    *Elements Common to all Sex and Age Discrimination Claims*

As a male over the age of forty,[8] Wierzbicki has adequately pleaded the first element of a discrimination claim—membership in a protected class. (Compl. ¶¶ 1, 19.) Wierzbicki has also sufficiently alleged the second, third, and fourth elements—that he was qualified, applied, and rejected for promotions in favor of others who had his qualifications. Specifically, he alleges that, throughout his employment with the County, he "consistently performed his job duties in a satisfactory manner," "committed no infraction of work rules," and "scored [first] on the Civil Service list," but, after applying for promotions, he was consistently passed over in favor of younger and/or female employees. (*Id.* ¶¶ 16, 18, 20-21.) Although defendants contend that Wierzbicki's score on the Civil Service exam "does not give [him] a vested right to the appointment to a position," (Dkt. No. 6, Attach. 10 at 10-11), Wierzbicki is only required to allege that he was qualified for the position he sought, not that he was entitled to it, and the court is satisfied that earning the highest score on the Civil Service exam, coupled with his experience and history of satisfactory performance, renders him qualified.

---

[8] The protections of the ADEA are "limited to individuals who are at least [forty] years of age." 29 U.S.C. § 631(a).

Finally, despite defendants' arguments to the contrary, (*id.* at 9, 11-12), Wierzbicki has also, at this juncture, sufficiently alleged facts giving rise to an inference of discrimination.  The Second Circuit has held that, when a plaintiff applies for and is denied a position, the fact that the position was filled by someone outside of the plaintiff's protected class is itself enough to give rise to such an inference.  *See Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001); *see also Soderberg v. Gunther Int'l, Inc.*, 124 F. App'x 30, 31 (2d. Cir. 2005) (summary order) (noting that the burden to establish a prima facie case of discrimination is de minimis, and the filling of a position by an employee twenty years junior to the plaintiff was enough to support an inference of age discrimination); *Diaz v. N.Y.C. Transit Auth.*, 98 F. App'x 58, 59 (2d Cir. 2004) (summary order) (finding an inference of discrimination where the defendant hired two younger white men instead of the forty-eight-year-old African-American plaintiff); *Ellis v. Century 21 Dep't Stores*, 975 F. Supp. 2d 244, 271 (E.D.N.Y. 2013) (finding an inference of discrimination where the plaintiff expressed interest in a position, which was offered to a candidate outside the plaintiff's protected class a few days later).  Here, Wierzbicki has alleged that all of the individuals who were promoted were

either female or younger, and, therefore, outside of his protected class. (Compl. ¶¶ 20-21.) Given this Circuit's standard, the complaint, although otherwise barren of factual allegations indicative of discrimination, has pleaded a prima facie case of discriminatory failure to promote.

Accordingly, to the extent that it seeks dismissal of Wierzbicki's age and sex discrimination claims for insufficient pleading, defendants' motion is denied.

### 2. *Section 1983*

In addition to their insufficiency-of-the-pleadings argument as to all discrimination claims, defendants seek dismissal specifically of Wierzbicki's section 1983 claims—his third and fourth causes of action, (*id.* ¶¶ 31-38)—for failing to plead the deprivation of a constitutional right and for failing to plead the existence of a municipal policy or custom. (Dkt. No. 6, Attach. 10 at 13-14.) The court is not persuaded by either argument.

 "To prevail against a municipality on a [section] 1983 claim, a plaintiff must demonstrate both an injury to a constitutionally protected right and that the injury was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy." *Hartline v. Gallo*, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotation marks and

citations omitted).  With respect to defendants' first argument, Wierzbicki

alleges that, as a result of defendants' discriminatory failure to promote, his

rights to equal protection under the Fourteenth Amendment have been

violated.  (Compl. ¶¶ 32-33.)  With respect to defendants' second

argument, Wierzbicki's complaint alleges that Bauer is a final policy-maker

and, through her actions, created a custom, policy, or practice of age and

sex discrimination in both hiring and promotions.  (Compl. ¶¶ 8, 10, 22-23.)

These allegations are sufficient, at this stage of the litigation, to survive.

     *3.    ADEA and Title VII Individual Capacity Claims*

Finally, defendants seek dismissal of Wierzbicki's sex and age

discrimination claims under Title VII and the ADEA to the extent they are

asserted against Bauer in her individual capacity.  (Dkt. No. 6, Attach. 10 at

11, 13.)  Because neither Title VII nor the ADEA provides for individual

liability, the court agrees, and those claims are dismissed against Bauer in

her individual capacity, but survive to the extent they are asserted against

her in her official capacity.  *See Patterson*, 375 F.3d at 221; *Cherry v.

Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) (citing

*Parker v. Metro. Transp. Auth.*, 97 F. Supp. 2d 437, 452 (S.D.N.Y. 2000));

*Henriquez-Ford v. Council of Sch. Supervisors & Adm'rs*, No. 14-CV-2496,

2015 WL 3867565, at *4 (S.D.N.Y. June 23, 2015).

**E.    Claims Pursuant to New York State Constitution**

Defendants lastly seek dismissal of Wierzbicki's eighth cause of action asserting a violation of his right to equal protection under Article I, Section 11 of the New York State Constitution.  (Dkt. No. 6, Attach. 10 at 17-18; Compl. ¶¶ 46-48.)  The court agrees with defendants that this claim is duplicative of his § 1983 claims and must be dismissed.

Where, as here, adequate remedies are available under § 1983, a plaintiff has "no private right of action under the New York State Constitution."  *G.D.S. ex rel. Slade v. Northport-E. Northport Union Free Sch. Dist.*, 915 F. Supp. 2d 268, 280 (E.D.N.Y. 2012) (internal quotation marks and citations omitted) (dismissing equal protection claim brought pursuant to Article 1, Section 11 of New York State Constitution where an adequate federal remedy was available under § 1983 and citing cases); *see Felmine v. City of N.Y.*, No. 09-CV-3768, 2012 WL 1999863, at *6 (E.D.N.Y. June 4, 2012) ("New York courts will only imply a private right of action under the state constitution where no alternative remedy is available to the plaintiff.").

In this case, Wierzbicki brings equal protection claims under the

Fourteenth Amendment to the United States Constitution pursuant to § 1983, (Compl. ¶¶ 31-38), which, as noted above, *see supra* Part IV.D.2, survive this motion. Based upon a reading of the complaint, those claims are identical to the one he brings under the New York State Constitution's Equal Protection Clause, (Compl. ¶¶ 46-48), and, in his opposition to defendants' motion, Wierzbicki does not identify how his New York State constitutional claim differs from his § 1983 claims, (*see generally* Dkt. No. 11). Thus, "[b]ecause all state constitutional law claims are also asserted as Section 1983 claims, all such claims are dismissed." *Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 248 (N.D.N.Y. 2008).

## F.    Motion for Disqualification

Finally, defendants move to disqualify Wierzbicki's counsel on the basis of a conflict of interest. (Dkt. No. 6, Attach. 10 at 18-20.) Wierzbicki responds that there is no basis on which to grant the motion. (Dkt. No. 11 at 12-14.) At this juncture, the court agrees with Wierzbicki.

Motions to disqualify counsel "are subject to fairly strict scrutiny" and "the courts must guard against tactical use of motions to disqualify counsel." *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989). Historically, the Second Circuit has shown considerable reluctance to

disqualify attorneys "despite misgivings about the attorney's conduct," *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979), because disqualification has an "immediate adverse effect on the client by separating [him] from counsel of [his] choice," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 438 F. Supp. 2d 305, 307 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).  While disqualification is subject to the court's discretion, generally, a district court may "disqualify counsel where necessary to preserve the integrity of the adversary process," typically in the following situations: (1) where an attorney's conflict of interests in violation of New York's Rules of Professional Conduct "undermines the court's confidence in the vigor of the attorney's representation of his client"; or (2) "where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, . . . giving [her] present client an unfair advantage."  *Nyquist*, 590 F.2d at 1246 (citations omitted); *see Grant v. Harvey*, No. 09 Civ. 1918, 2012 WL 1958878, at *1 (S.D.N.Y. May 24, 2012).

Here, defendants contend that a conflict is present due to Wierzbicki's counsel's concurrent representation of Lisa Karam ("Karam"),

and her husband, James Karam, in another discrimination lawsuit currently pending against the County. (Dkt. No. 6, Attach. 10 at 19-20); *see Karam v. County of Rensselaer*, No. 1-13-CV-1018. Lisa Karam, defendants argue, "participated in the decision-making that resulted in the denial of the two promotions to [Wierzbicki]," and, therefore, "is an important witness [and] a potential Jane Doe defendant" in this case. (Dkt. No. 6, Attach. 10 at 19.) Wierzbicki responds that, because Karam is not a defendant in this case, there is no actual conflict of interest. (Dkt. No. 11 at 13.) Further, Wierzbicki argues that disqualification is inappropriate because "Karam is merely a derivative plaintiff in the *Karam* case; James Karam, her husband, is the principal plaintiff and the allegations in the Karam case do not pertain to this lawsuit." (*Id.*) Finally, Wierzbicki contends that, even if Karam were a witness in this case, that alone is not grounds for disqualification. (*Id.* at 13-14.)

As an initial matter, at least at this stage of the litigation, Karam is not a defendant. Discovery has not yet commenced, and, even if it turns out that Karam did have some role in the promotion decisions, whether she will be named as a Doe defendant is purely speculative at this point, and "[m]ere speculation will not suffice." *All Star Carts & Vehicles, Inc. v. BFI*

*Canada Income Fund*, No. CV 08-1816, 2010 WL 2243351, at *4 (E.D.N.Y. June 1, 2010) (internal quotation marks and citation omitted).  To be sure, however, if Karam is eventually named as a defendant here, Wierzbicki's counsel would be precluded from concurrently representing both clients. *See* N.Y. Rules of Professional Conduct 1.7(b)(3) (making clear that a lawyer may not represent a client if "the representation . . . involve[s] the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal").

Further, the court is similarly unpersuaded that the fact that Karam may be a nonparty witness warrants disqualification.  Under New York's Professional Rules of Conduct, "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests."  N.Y. Rules of Professional Conduct 1.7(a)(1).  "Concurrent representation of a party and a non-party witness constitutes a conflict of interest only if the witness is expected to give testimony adverse to the client."  *Farb v. Baldwin Union Free Sch. Dist.*, No. CV 05-0596, 2011 WL 4465051, at *13 (E.D.N.Y. Sept. 26, 2011) (citing *Ritchie v. Gano*, No. 07 Civ. 7269, 2008 WL 4178152, at *10 n.5 (S.D.N.Y. Sept. 8, 2008); *George v. City of Buffalo*, 789 F. Supp. 2d 417,

22

434 (W.D.N.Y. 2011) ("In the case of representation of a non-party witness and a party, disqualification . . . occurs where . . . the attorney . . . suffers from an actual conflict based on the witness's expected testimony adverse to an attorney's client such that the attorney's duty of loyalty and zealous representation to the client and witness is thereby impaired.")).  Again, at this point, whether Karam will be a witness, and, if she is, the scope and substance of her testimony, is entirely speculative.

In sum, at this point, all that is known is that a potential conflict exists, and, given the harsh remedy that is disqualification, "[t]he possibility that future conflicts of interest may arise does not require disqualification." *All Star*, 2010 WL 2243351, at *4-5 (internal quotation marks and citations omitted) (declining to disqualify counsel where counsel concurrently represented party and non-party witness).  Under these circumstances, the court declines to grant defendants' motion at this point.  However, the parties are directed to focus their discovery on this potential conflict, and the Clerk of the Court is directed to bring this decision to the attention of Magistrate Judge Randolph F. Treece, so that he may monitor this matter

accordingly.[9]

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No.

6) is **DENIED**; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 6) is

**GRANTED IN PART** and **DENIED IN PART** as follows:

> **GRANTED** as to any Title VII and ADEA claims based on
>
> events that occurred prior to January 26, 2013 and those
>
> claims are **DISMISSED**;
>
> **GRANTED** as to Wierzbicki's NYSHRL claims asserted against
>
> the County and Bauer in her official capacity and those claims
>
> are **DISMISSED**;
>
> **GRANTED** as to Wierzbicki's Title VII and ADEA claims
>
> asserted against Bauer in her individual capacity and those
>
> claims are **DISMISSED**;

---

[9] Additionally, the court highlights Rule 1.7(b)(1) of the New York Rules of Professional Conduct, which permits an attorney to represent a client, even if a concurrent conflict exists, only if "the lawyer reasonably believes that [she] will be able to provide competent and diligent representation to each affected client."  It should go without saying that the court fully expects Wierzbicki's counsel to self-police and abide by this mandate.

**GRANTED** as to Wierzbicki's claim brought pursuant to Article

1, Section 11 of the New York State Constitution and that claim

is **DISMISSED**; and

**DENIED** in all other respects; and it is further

**ORDERED** that defendants' motion for disqualification (Dkt. No. 6) is

**DENIED** with leave to renew upon further discovery; and it is further

**ORDERED** that the parties notify Magistrate Judge Randolph F.

Treece to schedule further proceedings in accordance with this

Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to Magistrate Judge Randolph F. Treece, so that he

may monitor Wierzbicki's counsel's potential conflict of interest; and it is

further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

August 12, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court