# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

**NELLIE A. PEREZ, as**
**Administrator of the Estate of**
**Gerard Wierzbicki,**

                                  **1:14-cv-950**
                **Plaintiff,**        **(GLS/DJS)**

          **v.**

**COUNTY OF RENSSELAER, NEW**
**YORK et al.,**

                    **Defendants.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Bosman Law Firm, LLC | AJ BOSMAN, ESQ. |
| 201 West Court Street | |
| Rome, NY 13440 | |
| | |
| **FOR THE DEFENDANTS:** | |
| Napierski, Vandenburgh Law Firm | SHAWN BROUSSEAU, ESQ.[1] |
| 296 Washington Avenue Extension | |
| Albany, NY 12203 | |

**Gary L. Sharpe**
**Senior District Judge**

_____

[1] Although Jennifer McGrath, Esq. has filed documents on defendants' behalf, (*see, e.g.*, Dkt. No. 33), she has not filed a notice of appearance. *See* N.D.N.Y. L.R. 83.2(a). Diane Schilling, Esq. signed and filed a letter on defendants' behalf, (Dkt. No. 59), but also has not filed a notice of appearance. Likewise, Stephen Pechenik, Esq., who was noticed in a certificate of service, (Dkt. No. 33), has not filed a notice of appearance. Thus, the only attorney of record for defendants is Brousseau. The Clerk is directed to amend the docket accordingly.

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Nellie A. Perez is the administrator of the estate of Gerard Wierzbicki, who commenced this action against the County of Rensselaer, New York, Laura Bauer in her individual and official capacity as Director of Probation of the County, John Doe(s), and Jane Doe(s).[2] (Compl., Dkt. No. 1.) Perez's remaining claims are for violations of Title VII of the Civil Rights Act (Title VII),[3] the Age Discrimination in Employment Act (ADEA),[4] 42 U.S.C. § 1983 (Section 1983), and the New York State Human Rights Law (NYSHRL). (Compl.; Dkt. No. 15.) Pending is defendants' motion for summary judgment. (Dkt. No. 43.) For the reasons that follow, the motion is granted in part and denied in part.

## II. Background

### A. Facts[5]

---

[2] The John Doe and Jane Doe defendants are hereinafter referred to collectively as Doe defendants.

[3] *See* 42 U.S.C. §§ 2000e-2000e-17.

[4] *See* 29 U.S.C. §§ 621-34.

[5] Unless otherwise noted, the facts are not in dispute.

Wierzbicki was a probation officer employed at the County Probation Department. (Defs.' Statement of Material Facts (SMF) ¶ 3, Dkt. No. 43, Attach. 1.) In July 2013, two senior probation officer positions opened. (*Id.* ¶ 4.) These positions are Civil Service positions that must be filled in accordance with New York State Civil Service Law. (*Id.* ¶ 5.) Accordingly, Bauer requested and received a Certification of Eligibles List from the County Civil Service Commission. (*Id.* ¶¶ 6-7.) Wierzbicki had a final exam rating of 95%, Jacqueline Meeks 90%, Karen Liberty 85%, and Dan Mahoney 85%. (*Id.* ¶ 8.) Pursuant to the Civil Service Law, only those four candidates could be considered for the two promotions. (*Id.* ¶ 9.) In August 2013, panel interviews of the candidates (except for Meeks, who was not interested in either position) were conducted. (*Id.* ¶¶ 10-11.)

After the interviews, the merits and shortcomings of the candidates were discussed among the interviewers, (*id.* ¶ 14),[6] including Bauer, who is responsible for making the selections, (Dkt. No. 43, Attach. 25 at 69). Bauer selected Liberty and Mahoney for the positions. (Defs.' SMF ¶ 17.) She felt that Wierzbicki lacked experience training others and noted his

---

[6] Perez's denial of this fact is not supported by her citations to the record, and thus the fact is deemed admitted. (Dkt. No. 47, Attach. 14 ¶ 14); *see* N.D.N.Y. L.R. 7.1(a)(3).

admission that the use of technology was his greatest weakness. (*Id.* ¶ 15.)[7] Bauer explained to him that "it was felt that Ms. Liberty and Mr. Mahoney seemed the best fit after all the candidates were asked the same questions about training, leadership, policy[,] and technology." (*Id.* ¶ 18.)[8]

Perez contends that the following additional facts are in dispute.[9] After Bauer became Director in 2009, Wierzbicki "requested training updates in different areas so that [he] would be more eligible for promotions." (Dkt. No. 47, Attach. 12 ¶¶ 3-4.) Bauer told him that the training was unavailable, but, later, younger female employees who were given training were promoted over Wierzbicki. (*Id.* ¶ 4.) Bauer also "did not inform [Wierzbicki] which positions were available prior to [his] interview" when she held general interviews for three senior probation officer positions. (*Id.* ¶ 11.)

---

[7] This is another instance where Perez's denial of a fact is not supported by her citations to the record, and thus the fact is deemed admitted. (Dkt. No. 47, Attach. 14 ¶ 15); *see* N.D.N.Y. L.R. 7.1(a)(3).

[8] Again, Perez's denial of this fact is not supported by her citations to the record, and the fact is deemed admitted. (Dkt. No. 47, Attach. 14 ¶ 18); *see* N.D.N.Y. L.R. 7.1(a)(3).

[9] Notably, Perez failed to "set forth any additional material facts that [she] contends are in dispute in separately numbered paragraphs, followed by a specific citation to the record where the fact is established." N.D.N.Y. L.R. 7.1(a)(3). Although the court nonetheless considers the three affirmations filed in opposition to summary judgment, (Dkt. No. 47, Attachs. 10-12), as setting forth such facts, Perez's counsel should be mindful that failing to abide by basic rules is sloppy practice and wastes the court's time. *See House v. Wackenhut Servs., Inc.*, No. 10 Civ. 9476, 2012 WL 4017334, at *2 (S.D.N.Y. Aug. 20, 2012).

Numerous individuals with less experience and lower Civil Service scores were promoted over Wierzbicki who were female and/or younger than him: Dana Bliley (female), Pauline Franz (female, twelve years younger), Christine Miner (female, twelve years younger), Karen Liberty (female, fourteen years younger), Teresa Hansen (female, eleven years younger), Kara Wohlleber (female, eighteen years younger), Dan Mahoney (male, eighteen years younger), Rebecca Zido (female, thirteen years younger), and Kelly Miazga (female, nine years younger).  (*Id.* ¶ 9.)[10] Additionally, since Bauer became Director, all supervisors in the department are female.  (*Id.* ¶ 10.)  To wit, Bauer promoted seven different females to supervisor positions over Wierzbicki and two other male employees.  (*Id.*)

"In August 2015, because of the stress and anxiety of constantly being passed over for promotions, and the humiliation and loss of respect of [his] co-workers," Wierzbicki's doctor decided to take him out of work.  (*Id.* ¶ 17.)  It is undisputed that Wierzbicki retired in February 2016.  (Defs.' SMF ¶ 37.)  Wierzbicki attributed his retirement to continued stress and

---

[10] Wierzbicki's affirmation attacks the qualifications of various of these individuals. (Dkt. No. 47, Attach. 12 ¶¶ 11, 13-16.)

anxiety.  (Dkt. No. 47, Attach. 12 ¶ 18.)

**B.    Procedural History**

After Wierzbicki filed the complaint in July 2014, (Compl.),

defendants moved to dismiss, (Dkt. No. 6).  The court granted in part and

denied in part the motion,[11] (Dkt. No. 15), leaving the following claims: (1)

Title VII gender discrimination against the County, (Compl. ¶¶ 25-27); (2)

ADEA age discrimination against the County, (*id.* ¶¶ 28-30); (3) Section

1983 gender discrimination against the County, Bauer, and Doe

defendants, (*id.* ¶¶ 31-34); (4) Section 1983 age discrimination against the

County, Bauer, and Doe defendants, (*id.* ¶¶ 35-38); and (5) NYSHRL

gender and age discrimination against Bauer in her individual capacity and

Doe defendants, (*id.*  ¶¶ 42-45).  Defendants filed the instant motion in

August 2016.  (Dkt. No. 43.)

On February 3, 2017, a suggestion of death was filed, which stated

that Wierzbicki passed away on January 31, 2017.  (Dkt. No. 52.)  On April

30, 2018, the court granted plaintiff's motion requesting that Perez, as

administrator of Wierzbicki's estate, be substituted for Wierzbicki as

---

[11] Technically, defendants also moved for summary judgment, (Dkt. No. 6), which the court denied, (Dkt. No. 15).

plaintiff in this action.  (Dkt. No. 60.)

### III.  **Standard of Review**

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

### IV.  **Discussion**

#### A.    **Doe Defendants**

Defendants argue that they are entitled to summary judgment as to claims against the Doe defendants.  (Dkt. No. 43, Attach. 28 at 23.)  Perez makes no argument to the contrary.  (*See generally* Dkt. No. 47, Attach. 13.)  As defendants' argument is facially meritorious, Perez's failure to respond is deemed as consent to summary judgment on these claims. *See* N.D.N.Y. L.R. 7.1(b)(3); *Jackson v. Onondaga County*, 549 F. Supp. 2d 204, 222 (N.D.N.Y. 2008).

#### B.    **NYSHRL Claims Against Bauer in Her Individual Capacity**

Defendants seek summary judgment on the NYSHRL claims against Bauer in her individual capacity.  (Dkt. No. 43, Attach. 28 at 20-21.)  As the

court explained in its prior Memorandum-Decision and Order, notice of claim requirements apply to county employees sued in their individual capacities if the county is required to indemnify such a person, and the duty to indemnify turns on whether they were acting within the scope of their employment.  (Dkt. No. 15 at 10-11 (citing *Wharton v. County of Nassau*, No. 10–CV–0265, 2013 WL 4851713, at *15 (E.D.N.Y. Sept. 10, 2013) and *Bielski v. Green*, 674 F. Supp. 2d 414, 428 (W.D.N.Y. 2009)).) The court agrees with defendants that Bauer was acting within the scope of her employment and that the County is required to indemnify her.  (Dkt. No. 43, Attach. 28 at 21.)  Perez does not argue otherwise; to the contrary, she argues that a notice of claim is not required for an NYSHRL claim against an individual.  (Dkt. No. 47, Attach. 13 at 14-16.)  But Perez is incorrect.  The cases she cites do not involve the relevant notice of claim provision—N.Y. County Law § 52—and are distinguishable.[12]  Defendants are thus entitled to summary judgment on Perez's sixth cause of action, (Compl. ¶¶ 42-45), which is hereby dismissed.[13]

---

[12] The same arguments that Perez makes have been explicitly rejected before.  *See Jordan v. County of Chemung*, 264 F. Supp. 3d 497, 524-25 & n.6 (W.D.N.Y. 2017).

[13] To the extent that defendants argue for summary judgment based on the substance of Perez's sixth cause of action, (Dkt. No. 43, Attach. 28 at 22-23; Dkt. No. 49 at 7-8), and Perez disagrees, (Dkt. No. 47, Attach. 13 at 16-17), the court need not and does not reach the

## C.   ADEA Claim

To establish a prima facie case of age discrimination under the ADEA, a claimant must demonstrate that: 1) he was within the protected age group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under circumstances giving rise to an inference of discrimination.

*Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003) (internal quotation marks and citation omitted). "Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination." *Chapotkat v. County of Rockland*, 605 F. App'x 24, 26 (2d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "If the plaintiff meets that initial burden, the burden shifts to the defendant to proffer some legitimate, nondiscriminatory reason for the challenged action." *Chapotkat*, 605 F. App'x at 26 (internal quotation marks and citation omitted). "If the defendant does so, the burden shifts back to the plaintiff to show that the defendant's explanation is pretext for discrimination." *Id.* (internal citation omitted).

"At this third step in the analysis . . . the ADEA plaintiff must show that age was a 'but-for' cause of the employer's action." *Id.* (quoting

---

issue.

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010)).  This

"is not equivalent to a requirement that age was the employer[']s *only*

consideration, but rather that the adverse employment action[] *would not*

*have occurred without it*."  *Delaney v. Bank of Am. Corp.*, 766 F.3d 163,

169 (2d Cir. 2014) (internal quotation marks and citation omitted).  Age

cannot be just a contributing or motivating factor.  *See Gorzynski*, 596 F.3d

at 106.  "It is not enough for [a] plaintiff to prove defendants had 'mixed-

motives,' only one of which was discriminatory."  *Caesar v. Riverbay Corp.*,

15 Civ. 8911, 2017 WL 6887597, at *7 (S.D.N.Y. Dec. 27, 2017) (citing

*Gross v. FBL Fin. Servs., Inc.*, 577 U.S. 167, 180 (2009)).  "Thus, to resist

summary judgment on an ADEA claim successfully, a plaintiff must

demonstrate that a reasonable jury could conclude by a preponderance of

the evidence that the employer's explanations are pretextual and that, but

for the plaintiff's age, the employer would not have taken the action it did."

*Chapotkat*, 605 F. App'x at 26.

Defendants argue that Perez cannot make a prima facie showing of

age discrimination; there are legitimate, non-discriminatory reasons for the

promotions at issue; and Perez cannot establish that age was the but-for

cause of Wierzbicki's failure to be promoted.  (Dkt.  No. 43, Attach. 28 at 9-

13.)  Perez argues that she has made a prima facie showing and defendants' legitimate, non-discriminatory reasons are mere pretext, without addressing the but-for standard.  (Dkt. No. 47, Attach. 13 at 11-12.)  For the reasons that follow, Perez has not met her burden of demonstrating that a reasonable jury could conclude that but for Wierzbicki's age, defendants would have promoted him.  *See Chapotkat*, 605 F. App'x at 26.

      *1.    Perez's Prima Facie Case of Age Discrimination*

Perez correctly notes that her burden of establishing a prima facie case is de minimis.  (Dkt. No. 47, Attach. 13 at 7, 12); *see Mendillo v. Prudential Ins. Co. of Am.*, 156 F. Supp. 3d 317, 338 (D. Conn. 2016).  However, Perez sets forth very little evidence that "the adverse action occurred under circumstances giving rise to an inference of discrimination." *Terry*, 336 F.3d at 138 (internal quotation marks and citation omitted).[14]  The evidence of age discrimination that Perez provides consists almost entirely of Wierzbicki's affirmation, (Dkt. No. 47, Attach. 12), the crux of which is that eight employees younger than Wierzbicki—each one at least

---

[14] Defendants do not contest that Perez establishes the first three elements of her prima facie case.  (Dkt. No. 43, Attach. 28 at 9-13); *see Terry*, 336 F.3d at 137-38.

nine years younger[15]—were promoted to positions for which he interviewed.[16]  (*Id.* ¶ 9.)  As described more fully below, there is nothing in the remainder of Perez's evidence from which to infer age discrimination. *See infra* Part IV.C.3.  However, the fact that defendants promoted a significantly younger employee[17] instead of Wierzbicki eight different times establishes Perez's prima facie case.  The Second Circuit "has recognized that replacement by a significantly younger employee can give rise to an inference of discrimination[.]"  *McGuire-Welch v. House of the Good Shepherd*, 720 F. App'x 58, 61 (2d Cir. 2018) (citing *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000)).  The fact that a younger employee did not replace Wierzbicki but rather was promoted instead of

---

[15] The eight younger employees are Franz (twelve years younger), Miner (twelve years), Liberty (fourteen years), Hansen (eleven years), Wohlleber (eighteen years), Mahoney (eighteen years), Zido (thirteen years), and Miazga (nine years).  (Dkt. No. 47, Attach. 12 ¶ 9); *see supra* Part II.A.  Wierzbicki affirmed that a ninth employee, Dana Bliley, was promoted over him, but Perez does not indicate her age.  (Dkt. No. 47, Attach. 12 ¶ 9.)

[16] Perez provided an exhibit that lists the various promotions and the candidates considered.  (Dkt. No. 47, Attach. 4.)  Perez does not have a timely claim for promotions prior to January 26, 2013.  (Dkt. No. 15 at 7-8.)  However, such promotions constitute relevant background evidence.  (*Id.*)

[17] Defendants argue that there is no inference of age discrimination because a majority of those promoted were at least forty years old, and those that were not were almost forty years old.  (Dkt. No. 43, Attach. 28 at 10-11.)  The ADEA protects those who are at least forty years old.  *See* 29 U.S.C. § 631(a).  But "an employer's decision to replace an older worker with a significantly younger one can support an inference of intentional age discrimination even when both persons are ADEA class members."  *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 78-79 (2d Cir. 2005).

him does not change this analysis, especially because it happened eight times.  *See Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 579 (S.D.N.Y. 2008) (holding fact that promotion went to someone fourteen years younger than plaintiff raises an inference of discrimination) (collecting cases).

    2.    *Defendants' Legitimate, Nondiscriminatory Reasons*

In the face of Perez's prima facie case of age discrimination, the burden shifts to defendants to proffer a legitimate, nondiscriminatory reason for not promoting Wierzbicki.  *See Chapotkat*, 605 F. App'x at 26. As explained by defendants, (Dkt. No. 43, Attach. 28 at 11-13), Bauer gave detailed testimony explaining why she selected the employees who were promoted instead of Wierzbicki, which had nothing to do with age.  She emphasized leadership qualities, what the candidate wanted to bring to the position, and their relationship with those that the department works with, such as courts.  (Dkt. No. 43, Attach. 25 at 8-9.)  For example, Dan Mahoney was seen as a leader by his peers, held probation training at area colleges, volunteered to have interns under his supervision, and was thought to be the best in terms of outreach outside the department.  (*Id.* at 44.)  Wierzbicki, on the other hand, lacked leadership skills, (*id.* at 30, 56),

pertinent expertise, (*id.* at 56), and a pertinent certification, (*id.* at 36); was

perceived as unprofessional by courts, (*id.* at 44-45); and during one

interview came unprepared and asked what the position was, (*id.* at 58-

59[18]).  Wierzbicki also admitted that the use of technology was his greatest

weakness.  (Defs.' SMF ¶ 15.)  Defendants have met their burden.  *See*

*Byrnie v. Town of Cromwell*, 243 F.3d 93, 102 (2d Cir. 2001) (holding

burden met where candidate "performed better than [plaintiff]

during . . . interviews and thus seemed, based on subjective criteria, the

better qualified candidate"); *Witkowich*, 541 F. Supp. 2d at 579-80.

      3.    *Perez's Burden to Demonstrate But-For Causation*

Perez cannot meet her burden of demonstrating that a reasonable

jury could conclude that, but for Wierzbicki's age, defendants would have

promoted him.  *See Chapotkat*, 605 F. App'x at 26.

Although the fact that eight significantly younger employees were

promoted over Wierzbicki establishes a prima facie case, that alone does

not suffice to demonstrate but-for pretext.  *Cf. James v. N.Y. Racing Ass'n*,

---

[18] Perez's argument that Bauer concealed information about promotions to Wierzbicki but gave information to female candidates, (Dkt. No. 47, Attach. 13 at 8), is not supported by the record.  And, even if it was, that would go to Perez's gender discrimination claim but not her age claim.  Moreover, Perez is wrong that defendants claim that Wierzbicki came unprepared to a 2012 interview.  (*Id.*)  Bauer specifically testified that it was a 2015 interview, (Dkt. No. 43, Attach. 25 at 58-59), and Perez offers no evidence to the contrary.

76 F. Supp. 2d 250, 255-56 (E.D.N.Y. 1999), *aff'd*, 233 F.3d 149 (2d Cir. 2000). "'That several younger persons were offered a position while plaintiff was not is merely circumstantial, statistical evidence which alone, though supportive of an inference of discrimination, is an insufficient basis upon which to prove discrimination.'" *Charrette v. S.M. Flickinger Co.*, 806 F. Supp. 1045, 1061 (N.D.N.Y. 1992) (quoting *Diamantopulos v. Brookside Corp.*, 683 F. Supp. 322, 329 (D. Conn. 1988)); *see Fagan v. N.Y. State Elec. & Gas Corp.*, 186 F.3d 127, 134 (2d Cir. 1999).

Considered cumulatively, as it must be at this stage, Perez's evidence is insufficient to defeat summary judgment. *See Witkowich*, 541 F. Supp. 2d at 589-90. Wierzbicki affirmed that he "requested training updates in different areas so that [he] would be more eligible for promotions" but was told by Bauer that the training was unavailable. (Dkt. No. 47, Attach. 12 ¶ 4.) He also affirmed that "[l]ater, younger female employees who were given training were promoted over [him.]" (*Id.*) But nowhere is it alleged that any training was unavailable to Wierzbicki because of anything having to do with his age, or that the training given to younger female employees was the same training that he requested, or that any younger male employees also received such training. (*See*

*generally* Dkt. No. 47, Attach. 12.)  Indeed, Perez fails to offer any specifics, such as the type of training, how it would have helped Wierzbicki be more eligible for promotions, or any sort of time frame in relation to the promotions at issue.  *See Diello v. Potter*, 413 F. App'x 344, 346 (2d Cir. 2011) ("[A] motion for summary judgment may not be defeated 'by offering purely conclusory allegations of discrimination, absent any concrete particulars.'") (quoting *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)).

Such conclusory, vague statements exemplify the rest of Wierzbicki's affirmation.[19]  For example, he affirmed that "[n]umerous older employees, including [Janice] Bell and Robert Sportman, left the Probation Department because of Ms. Bauer's disparate treatment of employees."  (Dkt. No. 47, Attach. 12 ¶ 8.)  But Perez fails to explain how they suffered age discrimination or even offer the age of Sportman.  *See Brenner v. City of N.Y. Dep't of Educ.*, 132 F. Supp. 3d 407, 419 n.2 (E.D.N.Y. 2015), *aff'd*, 659 F. App'x 52 (2d Cir. 2016) (disregarding conclusory assertions that former colleagues were replaced by younger employees where no detail or

---

[19] Wierzbicki's affirmation also includes a statement that is based "[u]pon information and belief," (Dkt. No. 47, Attach. 12 ¶ 19), which does not satisfy Rule 56's requirement that affidavits be made on personal knowledge.  *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004).

evidence offered).  Similarly, Wierzbicki affirmed that he "observed other older male employees who were similarly passed over for promotions," but the ages are not given for the older employees or those that were promoted over them.  (Dkt. No. 47, Attach. 12 ¶ 19.)[20]

Perez also offers the affirmations of Janice Bell and Joseph Comiskey, former colleagues of Wierzbicki.  (Dkt. No. 47, Attachs. 10, 11.) Even if these affirmations are admissible,[21] they merely offer opinions regarding Wierzbicki's qualifications and have very little, if any, probative value.  *See Brenner*, 132 F. Supp. 3d at 419 (holding co-worker affidavits attesting to skill of plaintiff not appropriately considered on summary judgment).[22]  Indeed, Comiskey's affirmation cuts against Perez's claim by

_____

[20] Also of note is the fact that Wierzbicki affirmed that Dana Bliley was promoted over him, (Dkt. No. 47, Attach. 12 ¶ 9), but Perez does not indicate her age.  Richard Scott and Colleen Burns were also promoted over Wierzbicki, (Dkt. No. 47, Attach. 4 at 1, 3), but Perez does not provide their ages.  It is possible that Bliley, Scott, and Burns were not significantly younger than Wierzbicki——and they may have been older——which would vitiate Perez's argument that "every single employee who received a promotion over [Wierzbicki] was younger by [nine] years or more."  (Dkt. No. 47, Attach. 13 at 12.)  The court notes that defendants assert that Burns was only three years younger than Wierzbicki, (Dkt. No. 43, Attach. 28 at 10), but the page number provided is not within the exhibit they cite.

[21] Although Perez's allegations regarding promotions prior to January 26, 2013 constitute relevant background evidence, (*see supra* note 15), the fact that Bell retired in 2012, (Dkt. No. 47, Attach. 10 ¶ 1), and Comiskey retired in 2010, (Dkt. No. 47, Attach. 11 ¶ 1), limit any probative value and arguably raise issues such as personal knowledge and relevancy.

[22] Bell affirmed that "[o]lder employees who had been around a while were passed over for promotions" and that one of the most senior members of the DWI unit was passed over for promotion.  (Dkt. No. 47, Attach. 10 ¶ 7.)  As with Wierzbicki's affirmation, conclusory

noting that, during Comiskey's participation in interviews, Bauer accepted feedback from senior staff.  (Dkt. No. 47, Attach. 11 ¶ 6.)

Perez alleges no ageist comments or actions by anyone.[23]  *See Baur v. Rosenberg, Minc, Falkoff & Wolff*, No. 07 Civ. 8834, 2008 WL 5110976, at *5 (S.D.N.Y. Dec. 2, 2008); *Altman v. N.Y.C. Dep't of Educ.*, No. 06 CV 6319, 2007 WL 1290599, at *5 (S.D.N.Y. May 1, 2007).  She also fails to set forth any evidence that Bauer even knew, let alone considered, Wierzbicki's age, the ages of anyone promoted, or their ages relative to each other.  *See Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 317 (2d Cir. 1999).[24]  This is the type of evidence that is needed to defeat summary judgment.  *See Friedman v. Swiss Re Am. Holding Corp.*, 643 F. App'x 69, 72 (2d Cir. 2016).

Perez also argues that Wierzbicki was better qualified—including

---

assertions such as these, lacking any detail, are disregarded.  *See Brenner*, 132 F. Supp. 3d at 419 n.2.

[23] Wierzbicki's affirmation describes how his supervisor, Sonia Loomis, and Bauer treated him negatively.  (Dkt. No. 47, Attach. 12 ¶¶ 5-8.)  But he offers no details or evidence whatsoever that this was in any way related to his age, except for a conclusory assertion.  (*Id.*)

[24] Moreover, the fact that Bauer herself was older than Wierzbicki weakens Perez's age discrimination claim.  (*Compare* Defs.' SMF ¶ 38 (stating Bauer was fifty-eight years old as of Aug. 31, 2016), *with* Dkt. No. 47, Attach. 12 ¶ 2 (affirming Wierzbicki was fifty-seven years old as of Oct. 3, 2016)); *see Mathews v. Huntington*, 499 F. Supp. 2d 258, 267 (E.D.N.Y. 2007).

having more experience, seniority, and higher test scores[25]—than those that were promoted instead.  (Dkt. No. 47, Attach. 13 at 3-4.)  But defendants have set forth why those promoted were better suited, and why Wierzbicki was a weaker candidate.  *See supra* Part IV.C.2.  The court "must respect the employer's unfettered discretion to choose among qualified candidates" and is "not to act as a super personnel department that second guesses employers' business judgments."  *Byrnie*, 243 F.3d at 103 (internal quotation marks and citations omitted).[26]  Perez's disagreement with the way in which defendants weighed Wierzbicki's and the other candidates' qualifications does not create an issue of material fact.  *See Concepcion v. City of New York*, 15 Civ. 2156, 2016 WL 386099, at *14 (S.D.N.Y. Jan. 29, 2016), *aff'd*, 693 F. App'x 31 (2d Cir. 2017);

---

[25] Regarding the Civil Service Certification of Eligibles list dated July 31, 2013, Wierzbicki had the highest final exam rating.  (Defs.' SMF ¶¶ 7-8.)  However, as defendants argue, obtaining a certain score on a Civil Service examination only confers the opportunity to be fairly considered for the position.  (Dkt. No. 43, Attach. 28 at 16-17); *see Cassidy v. Mun. Civil Serv. Comm'n of City of New Rochelle*, 37 N.Y.2d 526, 528-29 (1975).  Also, Wierzbicki did not have the highest score on the Civil Service examinations for probation supervisor or senior probation officer after 2013.  (Defs.' SMF ¶ 32.)

[26] Perez's quotation of *Byrnie* is misleading.  (Dkt. No. 47, Attach. 13 at 8-9 (quoting *Byrnie*, 243 F.3d at 105).)  The quoted portion refers to a factually-distinguishable case from the Eighth Circuit in which the employer's explanation was undermined by facts in the record that are not present here.  *See Byrnie*, 243 F.3d at 105 (citing *Widoe v. Dist. No. 111 Otoe Cty. Sch.,* 147 F.3d 726, 730 (8th Cir. 1998)).

*Witkowich*, 541 F. Supp. 2d at 582.[27]

Perez can use a discrepancy between Wierzbicki's qualifications and those of someone promoted to defeat summary judgment if Wierzbicki's "credentials [were] so superior . . . that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over [Wierzbicki] for the job in question." *Byrnie*, 243 F.3d at 103 (internal quotation marks and citation omitted); *see Witkowich*, 541 F. Supp. 2d at 583. But Perez has not met this "weighty burden." *Byrnie*, 243 F.3d at 103. In light of all of the evidence that defendants have presented, a reasonable person could conclude that those promoted were more qualified than Wierzbicki.[28]

The Second Circuit has noted that "an extra measure of caution is

---

[27] *Witkowich* is very similar to this case. As here, the plaintiff made out a prima facie case of age discrimination based on the fact that a promotion went to someone significantly younger. *See Witkowich*, 541 F. Supp. 2d at 579. And, as in our case, the defendants offered legitimate, nondiscriminatory reasons for promoting the younger employee instead of the plaintiff. *Id.* at 579-80. Like here, the plaintiff made arguments that he was more experienced and more qualified for the promotion, *id.* at 580-83, and offered other incidents in which he was passed over for promotion by significantly younger candidates as background evidence, *id.* at 588. Not only did the *Witkowich* court grant summary judgment against the plaintiff, *id.* at 590, it did so under a less-exacting standard than the current but-for standard, *id.* at 580.

[28] Perez's evidence of Wierzbicki's greater seniority and experience (and, sometimes, test scores) retains its probative value in conjunction with all of her other evidence. *See Witkowich*, F. Supp. 2d at 583. But, given defendants' explanation as to why other candidates were better qualified and Wierzbicki's shortcomings, it has limited probative value. *See id.* at 588 ("[E]xperience is just one of many factors considered in the . . . promotion process[.]")

merited in affirming summary judgment in a discrimination action because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001). "Nonetheless, summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact." *Id.* (internal quotation marks and citation omitted). That is the case here. Perez's age discrimination claim essentially boils down to a faulty syllogism: Wierzbicki was not promoted; Wierzbicki was significantly older than a number of those promoted; therefore Wierzbicki must not have been promoted because of his age. *See House v. Wackenhut Servs., Inc.*, No. 10 Civ. 9476, 2012 WL 4017334, at *1 (S.D.N.Y. Aug. 20, 2012). In sum, Perez's evidence is insufficient to create a genuine dispute as to whether age was a but-for cause of defendants not promoting Wierzbicki. *See Dent v. U.S. Tennis Ass'n*, No. 08 CV 1533, 2011 WL 308417, at *8 (E.D.N.Y. Jan. 27, 2011).[29]

---

[29] As "'[c]laims of age-based discrimination under the NYSHRL are analyzed under the same standard as discrimination claims brought under the ADEA,'" (Dkt. No. 47, Attach. 13 at 11 (quoting *Powell v. Delta Airlines*, 145 F. Supp. 3d 189, 198 (E.D.N.Y. 2015))), this provides another basis for dismissing Perez's NYSHRL age discrimination claim against Bauer in her individual capacity.

## D.  **Title VII Claim**

> [T]o establish a claim of racial or gender discrimination under Title VII, a claimant must show that: 1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.

*Terry*, 336 F.3d at 138.  As with her ADEA claim, the *McDonnell Douglas* burden-shifting analysis applies to Perez's Title VII gender discrimination claim.  *Id.*  However, for her Title VII claim, the third step of the analysis is not but-for causation.  Perez's burden at that point is to produce "evidence . . . show[ing] circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination."  *Walsh v. N.Y.C. Housing Auth.*, 828 F.3d 70, 75 (2d Cir. 2016) (internal quotation marks and citation omitted).  Perez "'is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the "motivating" factors.'"  *Edwards v. Khalil*, 12 Civ. 8442, 2016 WL 1312149, at *17 (S.D.N.Y. Mar. 31, 2016) (quoting *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995)).

"This is a lower standard and easier . . . to meet than the 'but-for' causation standard." *Edwards*, 2016 WL 1312149, at *29; *see McAllister v. Quik Park*, 661 F. App'x 61, 63 (2d Cir. 2016).

### 1. Perez's Prima Facie Case of Gender Discrimination

Defendants contest that the failure to promote Wierzbicki occurred under circumstances giving rise to an inference of discriminatory intent.[30] (Dkt. No. 43, Attach. 28 at 13-18.)  But Perez's burden of establishing a prima facie case is de minimis.  *See Swihart v. Pactiv Corp.*, 187 F. Supp. 2d 18, 24.  Wierzbicki's affirmation that, from 2009 to 2015, all seven promotions to supervisor positions were given to women, (Dkt. No. 47, Attach. 12 ¶ 10; Attach. 4), which defendants do not contest,[31] satisfies this burden.  *See Dimino v. HSBC Bank, USA N.A.*, No. 11 Civ. 4189, 2012 WL 1202035, at *3 (S.D.N.Y. Apr. 11, 2012) (holding fact that all managerial or leadership positions were given to women and not men establishes inference of discrimination); *Tierney v. City of New York*, No. 02 Civ. 2403, 2007 WL 895133, at *25 (S.D.N.Y. Mar. 20, 2007) ("[A]n inference of

---

[30]  Defendants do not contest that Perez establishes the first three elements of her prima facie case.  (Dkt. No. 43, Attach. 28 at 13-18); *see Terry*, 336 F.3d at 138.

[31] To the extent that defendants argue that "claims prior to 2013 have been dismissed as a matter of law as time barred," (Dkt. No. 49 at 4), promotions prior to 2013 constitute relevant background evidence, (*see supra* note 15).

discrimination sufficient to make out the *prima facie* case is made when the job benefit or position is awarded to someone outside the protected class.")

### 2.    *Defendants' Legitimate, Nondiscriminatory Reasons*

As described above, *see supra* Part IV.C.2, defendants have met their burden of proffering a legitimate, nondiscriminatory reason for not promoting Wierzbicki.  *See Chapotkat*, 605 F. App'x at 26.

### 3.    *Perez's Burden to Demonstrate Pretext*

Although a very close call, the evidence as a whole, construed in the light most favorable to Perez for purposes of this motion, provides a sufficient basis for a reasonable jury to conclude that defendants' explanation for failing to promote Wierzbicki is pretext for gender discrimination.  From 2009 to 2015, in addition to the fact that all seven promotions to supervisor positions were given to women, overall, only three promotions out of seventeen were given to males.  (Dkt. No. 47, Attach. 13 at 9-10; Attach. 4.)  Defendants attack Perez's use of statistics, (Dkt. No. 49 at 4-5), but "in an individual employment discrimination case . . . statistical evidence is relevant and admissible."  *Jhirad v. T.D Sec. USA, Inc.*, No. 02 Civ.7509, 2003 WL 1872654, at *2 (S.D.N.Y. Apr. 10, 2003); *see Forte v. Liquidnet Holdings, Inc.*, No. 14 Civ. 2185, 2015

WL 5820976, at *6 (S.D.N.Y. Sept. 30, 2015), *aff'd*, 675 F. App'x 21 (2d Cir. 2017).[32]

The rest of Perez's evidence is thin,[33] but when combined with her statistical evidence, it is sufficient to demonstrate pretext. *See Dimino*, 2012 WL 1202035, at *4 (denying summary judgment where plaintiff provided "evidence, albeit weak evidence, from which a jury might find that he was not promoted due to gender discrimination," including that "only females were given management positions"). Bauer admitted that she did not consider Wierzbicki's time and experience in the DWI unit when assessing his ability to receive a promotion, (Dkt. No. 43, Attach. 25 at 43),

_____

[32] Defendants' argument that statistics must be "statistically significant" relies on a distinguishable case that involved a pattern or practice disparate treatment claim. (Dkt. No. 49 at 4 (quoting *Wright v. Stern*, 450 F. Supp. 2d 335, 363 (S.D.N.Y. 2006)).) Moreover, considerations such as a small sample size may detract from the weight to be given to such evidence, *see Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 339 n.20 (1977), but not its admissibility. Finally, defendants' argument that 68% of the office is female, (Dkt. No. 49 at 5 n.2), cites an exhibit comprised of hundreds of pages without specifying which page(s) demonstrate(s) that fact. *See Prive v. Johnson*, No. 5:04–CV–1024, 2010 WL 3338810, at *2 (N.D.N.Y. Aug. 23, 2010) (declining to scour the record for evidence based on the volume of the record).

[33] Some of Perez's proffered evidence is weak, not probative, or offered for a proposition that is inaccurate. For example, as noted above, Perez's argument that Bauer concealed information about promotions to Wierzbicki but gave information to female candidates, (Dkt. No. 47, Attach. 13 at 8), is not supported by the record. *See supra* note 17. Also, Wierzbicki's affirmation that younger female employees were given training is not persuasive, as explained above. *See* Part IV.C.3. Additionally, Wierzbicki's affirmation that he was mistreated by Bauer and Loomis, (Dkt. No. 47, Attach. 12 ¶¶ 5-8), only implies gender discrimination, and his admission that Bell, a female, was also mistreated by Loomis, (*id.* ¶ 8), undercuts what is already a weak implication.

and that she did not read the County Personnel Policy Manual for purposes of hiring or promoting, (*id.* at 85). Also, the subjectivity of Bauer's promotion process might be considered as indicating discrimination. *See Martinez v. N.Y.C. Transit Auth.*, 672 F. App'x 68, 71-72 (2d Cir. 2016) (citing *Sweeney v. Research Found. of State Univ. of N.Y.*, 711 F.2d 1179, 1185 (2d Cir. 1983)).

## E.   Section 1983 Claims

Perez's Section 1983 claim regarding age discrimination, (Compl. ¶¶ 35-38), is dismissed for the same reasons that her ADEA claim is dismissed. *See supra* Part IV.C; *Zuk v. Onondaga County*, No. 5:09–CV–0272, 2011 WL 4344043, at *11 (N.D.N.Y. Sept. 14, 2011) (noting Section 1983 age discrimination claims analyzed under same standards as ADEA claims); *Shapiro v. N.Y.C. Dep't of Educ.*, 561 F. Supp. 2d 413, 422 n.2 (S.D.N.Y. 2008) (same).

Defendants argue that Perez's Section 1983 gender discrimination claim should be dismissed because Perez does not identify any official policy or custom that denied Wierzbicki any of the promotions at issue. (Dkt. No. 43, Attach. 28 at 18-19.) But the court agrees with Perez that

"recurring violations with respect to [a] single employee over time" can demonstrate an accepted custom or practice. (Dkt. No. 47, Attach. 13 at 13-14 (quoting *Sullivan v. N.Y.C. Dep't of Investigation*, No. 12 Civ. 2564, 2013 WL 639142, at *5 (S.D.N.Y. Feb. 21, 2013)).) Defendants' cursory argument in response, (Dkt. No. 49 at 6), does not address this point, and they have failed to demonstrate their entitlement to summary judgment on this claim.[34]

## F.   <u>Constructive Discharge</u>

Perez argues in her response that Wierzbicki suffered a constructive discharge. (Dkt. No. 47, Attach. 13 at 7.) However, there is no claim for constructive discharge in her complaint. (*See generally* Compl.) As Perez has not brought a constructive discharge claim,[35] there is no need to address such a claim.

---

[34] Defendants argue that "P[erez] simply claims that Bauer is a final policy-maker and, through her actions, created a custom, policy, or practice of . . . sex discrimination in both hiring and promotions." (Dkt. No. 43, Attach. 28 at 19.) Although the burden of demonstrating that Bauer was a final policymaker will rest with Perez, "on summary judgment, defendants have failed to show the absence of a genuine issue of fact regarding" Bauer's policymaking authority. *Media All., Inc. v. Mirch*, No. 1:09–CV–0659, 2011 WL 3328532, at *12 (N.D.N.Y. Aug. 2, 2011). Summary judgment is inappropriate on this basis because neither party submitted evidence as to Bauer's final policymaking authority, and more information is needed before a final determination can be made on this issue. *See Capasso v. Metro. Transp. Auth. of State of N.Y.*, 198 F. Supp. 2d 452, 464 (S.D.N.Y. 2002) (collecting cases).

[35] Nor did Perez seek to amend her complaint, despite requesting and receiving an extension of the deadline for amendment. (Dkt. Nos. 28, 31.)

# V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgement (Dkt. No. 43) is **GRANTED IN PART** and **DENIED IN PART** as follows:

> **GRANTED** as to Perez's claims against Doe defendants, (Compl. ¶ 9); NYSHRL claims against Bauer in her individual capacity, (*id.* ¶¶ 42-45); ADEA claim, (*id.* ¶¶ 28-30); and Section 1983 age discrimination claim, (*id.* ¶¶ 35-38); and

> **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk terminate the Doe defendants from this action; and is further

**ORDERED** that this case is now deemed trial-ready and a trial scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 13, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge