UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NELLIE A. PEREZ, as Administrator of the
Estate of Gerard Wierzbicki,

      Plaintiff
   -v-            1:14-CV-950

COUNTY OF RENSSELAER, NEW YORK,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW FIRM, LLC<br>Attorneys for Plaintiff<br>3000 McConnellsville Road<br>Blossvale, New York 13308 | AJ BOSMAN, ESQ. |
| NAPIERSKI, VANDENBURGH LAW FIRM<br>Attorneys for Defendant<br>296 Washington Avenue Extension<br>Albany, New York 12203 | SHAWN F. BROUSSEAU, ESQ.<br>DIANE LUFKIN SCHILLING, ESQ.<br>THOMAS J. O'CONNOR, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION AND ORDER

Following a jury trial that began on January 14, 2020 and ended on January 17, 2020, plaintiff Nellie A. Perez ("Perez" or "plaintiff") attained a verdict against defendant the County of Rensselaer ("Rensselaer" or "the county") for a claim of gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"). Dkt. 90, p. 3. The jury assessed $130,000 in damages for that claim, despite its finding that the county had proven that it would have made the same decision regardless of gender for at least one of the several instances of discrimination that plaintiff alleged. *Id.* at 3, 5. The jury further found for the county on plaintiff's alternative claim under 42 U.S.C. § 1983 ("§ 1983"). *Id.* at 4.

On January 31, 2020, Rensselaer moved to set aside the verdict. Dkt. 96. The crux of the county's argument was that the jury's general verdict of damages was inconsistent with its specific answer that the county had proven by a preponderance of the evidence that even if gender "was a motivating factor in any of its decisions" that it "nevertheless would have made the same decision even absent gender discrimination[.]" Dkt. 90, p. 3. After all, if a plaintiff proves that discrimination was a motivating factor in a defendant's decision, but the defendant proves that it would have made the same decision regardless of the impermissible motivating factor, the plaintiff can receive declaratory relief, but not damages. *Natofsky v. City of New York*, 921 F.3d 337, 347 (2d Cir. 2019), *petition for cert. docketed*, No. 19-732. This principle is referred to as the "mixed-motive" defense. *Id.*

On February 19, 2020, a Memorandum-Decision and Order was inadvertently filed before Rensselaer could exercise its right to reply to Perez's opposition to its motion. Dkt. 100. The county duly objected, the February 19, 2020 filing was vacated, and the county was granted leave to file a reply brief. Dkt. 101; 102. On March 4, 2020, the county submitted their reply. Dkt. 103.

Broadly speaking, Rensselaer's reply does not meaningfully change the analysis in the vacated Memorandum-Decision and Order, and that Order is therefore incorporated into this decision in its entirety. Dkt. 100. One point that the county raises, however, merits further discussion.

Essentially, Rensselaer argues that the mixed-motive defense and the burden of proof in a § 1983 claim amount to the same determination: that the defendant would have made the same decision regardless of whether there was an impermissible discriminating factor that played a motivating role in its decision. *Compare Natofsky*, 921 F.3d at 347 (noting that mixed-motive defense precludes damages in Title VII claim where defendant proves it would

2

have made same decision regardless of impermissible discriminatory motive), *with Naumovski v. Norris*, 934 F.3d 200, 214 (2d Cir. 2019) (noting that plaintiff must prove that gender discrimination was a but-for cause of discriminatory employment action in § 1983 claim). Thus, the county argues that a finding of the mixed-motive defense and a verdict for defendant on the § 1983 claim are "merely opposite sides of the same coin."

Of course, if an employer would have made the same employment decision even in the absence of a discriminatory motive, by logical necessity that discriminatory motive could not have been a but-for cause of the employment decision. The inverse is also true: if the discriminatory motive was not a but-for cause of the employment action, then the employer would obviously have made the same decision regardless of a discriminatory motive.

But in acknowledging that logical symmetry, Rensselaer glosses over an essential component of the verdict: the burden of proof. The jury's finding for defendant on the § 1983 claim means that Perez failed to carry her burden that gender discrimination was a but-for cause of any of the county's decisions not to promote her late husband, Gerard Wierzbicki ("Wierzbicki"), on the basis of gender. *Naumovski*, 934 F.3d at 214. The jury's finding for the county on the mixed-motive defense on "any" of its several decisions not to promote Wierzbicki means that there was at least one occasion on which the county carried its burden of proving the mixed-motive defense. *See Natofsky*, 921 F.3d at 347. But neither finding necessitates the logical leap that the defendant carried its burden on *every*, rather than *any*, possible discriminatory act.

It is perfectly plausible that the jury decided that neither side carried its burden of answering whether gender discrimination was a but-for cause for several of Rensselaer's many decisions not to promote Wierzbicki, despite its finding that the county carried its burden at least once. The jury, being properly instructed, could certainly have determined

3

that damages were appropriate where the county did not carry its burden under the mixed-motive defense, even if Perez failed to carry the same burden on her own § 1983 claim. In other words, although the mixed-motive defense and causation in a § 1983 claim involve the same fundamental question of but-for causality, the jury could readily have found for defendant on the latter but not the former because of the shifting burdens of proof.

In fact, that is precisely how the burden of proof is intended to work. Each party must carry its burden to prevail, and the jury could plausibly have concluded that neither party did so on the issue of but-for causation. There is thus a plausible reading of the verdict sheet that is both logically and legally consistent with each specific question, and the award of damages as a whole. *See, e.g.*, *Harris v. Niagara Mohawk Power Corp.*, 252 F.3d 592, 598 (2d Cir. 2001) (noting that vacation of judgment is only necessary where the jury's findings cannot be harmonized).

By virtue of a plausibly harmonized interpretation of the verdict sheet the jury committed no error, and certainly not a fundamental one. The arguments in Rensselaer's motion are therefore both meritless and waived. Thus, the motion must be denied for the reasons stated above and in the since-vacated Memorandum-Decision and Order dated February 19, 2020. Dkt. 100.

Therefore, it is

ORDERED that

1. Defendants' Rule 58 motion for a judgment according to the jury's specific answers, notwithstanding the general verdict, is DENIED;

2. Defendants' renewed Rule 50(b) motion for judgment as a matter of law is DENIED;

3. Defendants' motion to alter or amend the Judgment under Rule 59(e) is DENIED;

4

4. Defendants' motion for a new trial on the Title VII claim is DENIED;

5. Plaintiff may move for fees on or before Tuesday, March 24, 2020; and

6. Defendant may oppose plaintiff's motion for fees on or before Tuesday, April 7, 2020.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: March 9, 2020
Utica, New York.