UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
NELLIE A. PEREZ, as Administrator of
The Estate of Gerard Wierzbicki,

        Plaintiff,

   -v-                                 1:14-CV-950

COUNTY OF RENSSELAER, NEW
YORK,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW FIRM, LLC<br>Attorneys for Plaintiff<br>3000 McConnellsville Road<br>Blossvale, New York 13308 | AJ BOSMAN, ESQ. |
| BERGSTEIN & ULLRICH, LLP<br>Attorneys for Plaintiff<br>5 Paradies Lane<br>New Paltz, New York 12561 | STEPHEN BERGSTEIN, ESQ. |
| NAPIERSKI, VANDENBURGH<br>   LAW FIRM<br>Attorneys for Defendant<br>296 Washington Avenue Extension<br>Albany, New York 12203 | SHAWN F. BROUSSEAU, ESQ.<br>DIANE LUFKIN<br>   SCHILLING, ESQ.<br>THOMAS J. O'CONNOR, ESQ. |

DAVID N. HURD
United States District Judge

# MEMORANDUM-DECISION and ORDER

From January 14, 2020 to January 17, 2020, a jury trial was held to examine claims of gender discrimination brought by plaintiff Nellie Perez ("Perez" or "plaintiff") against defendant the County of Rensselaer, New York ("Rensselaer" or the "County"). *Perez v. Cty. of Rensselaer* ("*Perez I*"), 2020 WL 819290, at *1 (N.D.N.Y. Feb. 19, 2020). Plaintiff ultimately prevailed both at trial and on appeal. Now she asks that defendant pay her attorneys' fees accrued defending her trial victory before the Second Circuit.

Before looking at Perez's motion, though, the Court must—very briefly—provide some context. Plaintiff's claims stemmed from the time her since-deceased husband, Gerard Wierzbicki ("Wierzbicki"), spent working for Rensselaer's probation department. *Id.* Essentially, plaintiff claimed that the County refused to promote Wierzbicki a number of times because he was male. *Id.* Plaintiff worked to vindicate that claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), as well as under 42 U.S.C. § 1983 ("§ 1983"). *Perez I*, 2020 WL 81920, at *1.

Generally, how those two claims work is irrelevant at this stage of the game. But there is one point the Court needs to flesh out to properly address the present motion practice. Specifically, there is a slight difference in the standards of recovery under each statute Perez relied on for her claims. Under § 1983, a plaintiff must prove that gender discrimination was the

2

but-for cause of an adverse action. *Naumovski v. Norris*, 934 F.3d 200, 213-14 (2d Cir. 2019). Meanwhile, Title VII only requires a plaintiff to prove that gender discrimination was a motivating factor in an adverse action. *Id.* A defendant can nevertheless protect itself from paying more than nominal damages on a Title VII claim if it can prove that it would have made the same employment decision even in the absence of any impermissible consideration. *Natofsky v. City of N.Y.*, 921 F.3d 337, 347 (2d Cir. 2019).

Those slight differences in the standards of recovery came to dominate the discourse in this case. On January 17, 2020, a jury returned a verdict for Perez on her Title VII claim and awarded $130,000 in damages. Dkt. 90, pp. 3, 5.[1] However, the jury returned a no cause for plaintiff's § 1983 claim and found that Rensselaer had proven that "even if . . . Wierzbicki's gender was a motivating factor in any of its decisions not to promote him, that it nevertheless would have made the same decision even absent gender discrimination[.]" *Id.* at 3-4.

Rensselaer argued both in post-trial motions and on appeal—but did not object at the time—that this verdict was inconsistent. This Court and the Second Circuit both rejected those arguments. *See generally Perez v. Cty. of*

---

[1] Pagination Corresponds with CM/ECF.

3

*Rensselaer* ("*Perez III*"), --- F. App'x ----, 2021 WL 2155008 (2d Cir. May 27, 2021) (summary order); *Perez I*, 2020 WL 819290, at *5. Now Perez has moved for attorneys' fees to cover the cost of defending her judgment on appeal.

The present motion practice is not the first time Perez has moved for attorneys' fees in this case. *See Perez v. Cty. of Rensselaer* ("*Perez II*"), 2020 WL 1975069 (N.D.N.Y. Apr. 24, 2020). Having discussed the legal standards at length in *Perez II*, a brief recitation will do now. *See id.* at *2. A successful Title VII plaintiff is entitled to recover reasonable attorney's fees from the defendant. *Id.* at *2. That includes fees accrued on appeal.[2] *See Cush-Crawford v. Adchem Corp.*, 234 F. Supp. 2d 207, 211-12 (E.D.N.Y. 2002) (awarding attorney's fees to prevailing party after appeal to circuit court).

However, knowing that a party is entitled to "reasonable" fees does not help the analysis without clearing up what makes a fee reasonable. Reasonably enough, attorneys' fees are reasonable if they are the product of a reasonable hourly rate and a reasonable amount of hours worked. *Perez II*, 2020 WL 1975069, at *2. The hourly rate looks to community standards, and in this District courts have routinely approved rates of: (1) $250-350 for

---

[2] District courts usually get the first crack at scrutinizing attorney fee requests, even when the fees derive from a successful appeal. *See Dague v. City of Burlington*, 976 F.2d 801, 803-04 (2d Cir. 1991) (pointing out that attorneys' fee applications should usually be addressed in first instance by district court).

4

partners and other seasoned attorneys; (2) $165-200 for less experienced attorneys; and (3) $80-90 for paralegals. *Id.* Whether an attorney worked for a reasonable number of hours turns on a dozen factors that courts assess on a case-by-case basis. *Id.* (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008)).

But all that preamble boils down to a straightforward, common sense conclusion: a presumptively reasonable fee is one that "a reasonable, paying client would be willing to pay" assuming she "wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

To apply those theoretical principles to these facts, Perez requests attorney's fees in the amount of $33,465.20 for her appeal. That total aggregates six sources of claimed legal labor: (1) $6,982.50 or 19.95 hours at $350 per hour for attorney A.J. Bosman ("Bosman"); (2) $23,725.00 or 73.00 hours at $325 per hour for attorney Stephen Bergstein ("Bergstein"); (3) $680.00 or 6.80 hours at $100 per hour for Bergstein's clerical work;[3] (4) $677.70 or 7.53 hours at $90.00 per hour for paralegal Anthony Fernicola ("Fernicola"); (5) $346.00 or 2.10 hours at $165.00 per hour for newly-minted

---

[3] A district court can award attorney's fees for work done by an attorney that is typically done by a paralegal. *See Monette v. Cty. of Nassau*, 2016 WL 4145798, at *8 (E.D.N.Y. Aug. 4, 2016). In those circumstances, courts reduce attorney's fees to a paralegal rate. *See, e.g.*, *id.* at *9 (reducing hourly rates for attorneys' clerical work).

5

attorney Robert Strum ("Strum"); (6) $342.00 or 3.80 hours at $90 per hour for Strum's work before he was admitted to the bar; and (7) $712.00 or 8.9 hours at $80 per hour for paralegal Nicole Cruz ("Cruz").[4] In addition, plaintiff has requested $1,917.50, or another 5.90 hours for Bergstein at the same $325 rate, for his work in preparing reply papers for the current motion practice. Adding this figure in, plaintiff's total fee request is $35,382.70.

Rensselaer, as might be expected, opposes Perez's fee request for a number of reasons. First, the County takes issue with plaintiff's requested rate of $350 for Bosman and $325 for Bergstein. Instead, the County argues that the Court should stay the course with the $300 it awarded Bosman last time around. The County argues the same figure should apply for Bergstein. The Court chose to award a $300 rate to Bosman earlier in this case to balance plaintiff's incomplete victory at trial with the factual complexities at play. *Perez II*, 2020 WL 1975069, at *3. According to plaintiff, her more complete triumph before the Second Circuit merits a higher fee for both Bosman and Bergstein.

The Court sees both parties' points and chooses a middle ground. Perez is correct, she did win an unqualified victory on appeal and both of her attorneys were heavily involved in bringing that victory about. *Arbor Hill*,

---

[4] Plaintiff did not actually calculate Cruz's hours worked or overall fees. Instead, the Court merely subtracted the other fee requests from the total request and found $712 left over, which works out to exactly 8.9 hours at Cruz's requested rate.

6

522 F.3d at 186 n.3 (noting that extent of involvement and results obtained are factors for analysis in propriety of attorneys' fees). Both Bosman and Bergstein are experienced attorneys as well, which commands a sizeable fee in its own right. *Id.*

However, the relative complexities of Perez's case on appeal as opposed to at trial do not so strongly justify a heightened fee as plaintiff seems to hope. *Arbor Hill*, 522 F.3d at 186 n.3 (noting that novelty and difficulty of issues factors into whether fee is reasonable). Plaintiff only needed to defend this Court's determination on Rensselaer's post-trial motion that the jury did not reach an inconsistent verdict. *See generally Perez III*, 2021 WL 2155008, at *3 (acknowledging district court's reasoning as sufficient to explain no error occurred). Rensselaer also did plaintiff a sizeable favor in defending her judgment by failing to object to the verdict form or the verdict itself, forcing the County to prove the heightened standard of fundamental error. *Id.* at *3 (noting that "high standard of review dictate[d]" outcome).

All that said, the Court is left with two experienced attorneys who successfully argued a very simple appeal. Considering the remainder of the *Arbor Hill* factors, the Court finds a fee of $325 appropriate for both Bergstein and Bosman. 522 F.3d at 186 n.3. Though Bosman may object to receiving the same fee rate as her less experienced counterpart, the Court would answer that the continued sloppiness of her timekeeping and fee

requests did her few favors when it comes to receiving a full fee. But more on that later.

In any case, the Court notes that $90 is the high-end rate for paralegal work in this district, and the Court will cap Bergstein's work as a paralegal at that rate. *Perez II*, 2020 WL 1975069, at *2 (noting that fee rate for paralegals in Northern District of New York is between $80 and $90). Otherwise, Perez's requested rates for her legal staff are appropriate and will not be disturbed.

Moving past Rensselaer's objection to Perez's requested rates, the County raises five more technical objections to plaintiff's fee request. First, the County objects that Bosman's timesheet does not convert each of her employees' hours worked into the rate that she requested in her moving papers. However, as discussed above, plaintiff's moving papers provide a tidy summary of the hours worked and the resulting total fee request under her requested rate for every employee except for Cruz. The Court takes no issue with the invoice not doing the same.

Second, Rensselaer takes issue with Bosman's invoice including thirty-two entries for emails with scarce documentation to support the substance of those emails. Once again, the Court is unmoved. A request for attorneys' fees must detail "the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148

8

(2d Cir. 1983). That said, the need for details is tied by the ankle to the length of time billed on a particular entry. *New York ex rel. Vacco v. Rac Holding, Inc.*, 135 F. Supp. 2d 359, 364-65 (N.D.N.Y. 2001). The entries the County bemoans are almost exclusively only six minutes long. There would be no purpose to require an attorney to spend nearly as much time describing the billing entry as she spent actually working on it. Accordingly, the County's second requested reduction must be denied.

Third, Rensselaer repeats its objection to the scant details in Perez's records for Cruz's entries. For the most part, the same logic carries over and requires denying the County's objection. Because the challenged entries are for six-minute billing intervals, Cruz's entries are as detailed as can reasonably be expected. *See Vacco*, 135 F. Supp. 2d at 364-65.

There is, however, one exception. Rensselaer objects to Cruz's billing 1.25 hours for "prep of bill." A seventy-five-minute billing entry is entitled to a bit more scrutiny, and such minimal support calls for scrutiny. That said, upon a more careful review of the submissions, the County's objection still must be denied—not as meritless, but as moot. Remember, Perez failed to calculate out Cruz's billable hours in her moving papers, so the Court subtracted the other fee requests to determine the scope of plaintiff's request for Cruz.

Nevertheless, to ensure that plaintiff's fee request for Cruz did not exceed her actual billable hours, the Court needed to count every billable hour on

9

Bosman's invoice, multiply it by her hourly rate, and check that number against the $712 amount left over in plaintiff's moving papers. At $80 per hour, $712 amounts to 8.9 hours. But Cruz's entries on the invoice amounted to 12.15 hours. Conveniently, if the only Cruz's six-minute entries are counted, Cruz billed 8.9 hours. The remaining 3.25 hours consist of only two entries: one for 2 hours for editing the appellate brief and the other being this 1.25 hour entry for "prep of bill." In other words, plaintiff failed to actually ask for fees to cover this 1.25 hour chunk of billable time, so rather than a reduction, plaintiff may not recover any of it.

Fourth and Fifth, Rensselaer objects that Bosman's firm spent too much time editing the appellate brief and Bergstein spent too much time writing it. As to the fourth point, Perez correctly points out that 18.25 hours is not an unreasonable amount of time to spend editing a brief submitted to the Second Circuit. All the more so in this case because Bosman broke down the time she spent editing the brief into discrete portions. *But see Calvo v. City of N.Y.*, 2017 WL 4119280, at *7 (S.D.N.Y. Sept. 15, 2017) (reducing time spent editing brief because time entries were broad and vague).

As to the fifth, Rensselaer complains that Bergstein spent too much time on the statement of facts for Perez's brief. Once again, the Court disagrees. Although the issues on appeal were fairly limited, an important dimension of the case has always been the sheer number of times that Wierzbicki was

denied promotions. It was precisely the lack of clarity on when and how often those denials happened that forced the Court to adopt a relatively complicated verdict form. Those complications then gave the County the daylight it needed to file its appeal. In other words, the factual background was directly relevant to the issues on appeal. In that context, the Court sees no fault in Bergstein's carefully crafting a recitation of the facts of this case.

The Court has now considered all of Rensselaer's objections to Perez's fee request and rejected each of them except for its objection to Bosman's claimed hourly rate of $350. As promised above, though, the Court still has a few bones of its own to pick with the general disarray of Bosman's support for her firm's fees. In reviewing the firm's hours, the Court stumbled across more than a few inaccuracies. For example, Bosman overcounted her own hours at 19.95 when she only had records to back up 17.95.[5] She also failed to clear up how many hours Cruz worked, leaving the Court to determine that figure for itself. What is more, she overcounted Strum's hours as a paralegal, albeit slightly, claiming he worked 3.8 hours when she could only prove that he worked 3.7.

All this nitpicking may seem a little harsh. After all, Rensselaer did not raise any of these objections to the hours Bosman claims her firm worked.

---

[5] It is possible that the two uncounted hours attributed to Cruz for editing the appellate brief were actually hours Bosman worked. If that is the case, Bosman has no one but herself and her firm to blame for failing to ensure that the timekeeping records were properly organized.

But the Court would not have needed to do a deep dive into Bosman's records if she had done the minimal diligence of keeping proper track of Cruz's hours worked in the first place. As an abject lesson in not wasting a federal court's time, the Court will decline to take plaintiff's counsel at their word that they worked over and above what their contemporaneous records can support. Therefore, any hours not supported by plaintiff's timesheets will not be considered. *See, e.g.*, *Scott v. City of N.Y.*, 626 F.3d 130, 132 (2d Cir. 2010) (pointing out that all applications for attorney's fees must be supported by contemporaneous records).

In short, Perez's motion for attorneys' fees must be granted with only three exceptions. First, Bosman's fee rate must be reduced to $325. Second, Bergstein's claimed rate for his work as a paralegal must be reduced to $90. Third, the Court will count Bosman's firm's hours worked as the lesser value between the hours asked for in the moving papers and the hours supported by contemporaneous records.

In practice, Rensselaer must pay Perez's fees along these lines: (1) $5,833.75, or 17.95 hours at $325 per hour for Bosman; (2) $25,642.50, or 78.9 hours at $325 per hour for Bergstein as an attorney; (3) $612, or 6.8 hours at $90 per hour for Bergstein as a paralegal; (4) $677.70, or 7.53 hours

at $90 per hour for Fernicola; (5) $346.50,[6] or 2.1 hours at $165 per hour for Strum as an attorney; (6) $333, or 3.7 hours at $90 per hour for Strum as a paralegal; and $712, or 8.9 hours at $80 per hour for Cruz. Adding those figures together, plaintiff may recover $34,157.45 in attorneys' fees incurred defending her judgment on appeal.

Therefore, it is

ORDERED that

1. Plaintiff Nellie Perez's motion for attorney's fees is GRANTED in part and DENIED in part;

2. Plaintiff Nellie Perez may recover $34,157.45 in attorneys' fees; and

3. The Clerk of Court is directed to enter judgment accordingly and close the case file.

IT IS SO ORDERED.

Dated: July 16, 2021
 Utica, New York.

David N. Hurd
U.S. District Judge

---

[6] Plaintiff miscalculates Strum's fees as an attorney as only $346. This simple mistake of arithmetic is much easier to forgive than plaintiff's other timekeeping mistakes. The Court will allow plaintiff to recover this extra half dollar.

13